UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | CRIM NO. 96-141 |
| v. | : | OPINION |
| ZEL TISBY, | : | |
| *Defendant*. | : | |

Presently before the Court is Zel Tisby's ("Mr. Tisby") Motion for Reduction of Sentence pursuant to Criminal History Amendment 821. (Dkt. No. 174). The Government opposes the motion in two letter briefs. (Dkt. No. 176, 177). For the reasons that follow, the Motion will be denied.

I. Background

On March 7, 1996, Mr. Tisby and several co-defendants were arrested on charges of conspiracy to distribute narcotics contrary to 21 U.S.C. §841(a)(l), possession of narcotics contrary to 21 U.S.C. §846, and possession with intent to distribute narcotics contrary to 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. Mr. Tisby was indicted on March 12, 1996, and charged with Conspiracy to Distribute and Possession with Intent to Distribute One Kilogram of Cocaine contrary to 21 U.S.C. §846, Possession with Intent to Distribute More Than Five Hundred Grams of Cocaine contrary to 21 U.S.C. §841, and Possession With Intent to Distribute More Than Fifty Grams of Cocaine Base contrary to 21 U.S.C. §841(a)(1).

Trial commenced on August 5, 1996 and a guilty verdict was returned as to all three of the counts against Mr. Tisby on August 14, 1996. The Court imposed sentence

on November 11, 1996; Mr. Tisby was sentenced to two hundred sixty-two months (262) months concurrently on Counts One, Two and Four.

Mr. Tisby was released from prison and began his supervised release July 9, 2015. His term of supervised release was subsequently reduced by one year due to his graduation from the Court's reentry program. [Dkt. No. 151]. On January 7, 2021, this Court issued a warrant for Mr. Tisby's arrest for three violations of supervised release. [Dkt. No. 154]. This warrant was the culmination of several petitions and amended petitions causing the Court to consider Mr. Tisby's compliance with the terms of his supervised release. Following his arrest, several hearings, and a the entry of a guilty plea, Judgment was entered on July 1, 2021 and Mr. Tisby's supervised release was revoked. He was sentenced to a fifty-five-month term of incarceration.

On November 8, 2023, Mr. Tisby filed the instant motion, seeking a reduction of sentence pursuant to U.S.S.G. Retroactive Criminal History Amendment 821. (Dkt. No. 174). On May 15, 2024, the Government filed a Response and a Supplemental Response arguing that Defendant should not be granted relief pursuant to Amendment 821 because he is a Career Offender. (Dkt. Nos. 176, 177).

## II. Legal Standard for Amendment 821

Prior to Amendment 821, offenders were given two additional criminal history points if they committed the underlying offense while under a criminal justice sentence. Sentencing Guidelines for United States Courts, 88 FR 28254-01 (effective Nov. 1, 2023); U.S.S.G. § 4A1.1(e). Part A of Amendment 821 limited the application of these "status points." First, for offenders with seven or more criminal history points, the additional criminal history points, referred to as status points, is reduced from two additional points to only one. *Id*. Offenders with six or fewer criminal history points no

longer receive any status points. *Id.* Relevant here, U.S.S.G. § 4A1.1(e) now provides for one "status" point to be added if a defendant receives seven or more criminal history points and committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

### III. Discussion

Mr. Tisby asks the Court to consider changes to the Sentencing Guidelines. The Government argues that the Motion should be denied, because the Amendment does not have the effect of lowering the Mr. Tisby's original Guideline range. Mr. Tisby was in Criminal History Category VI by operation of the Career Offender Guideline at the time of his sentencing. Pre-Sentence Report ("PSR") ¶ 48.  The Government further calculates that despite his designation as a Career Offender, Mr. Tisby would have been in Criminal History Category V with 11 criminal history points, comprised of eight points for prior convictions and three "status" points for being on parole at the time he committed the offense of conviction and for having committed the offense of conviction less than two years following his release from custody. PSR ¶ 48.

Applying Amendment 821 has the impact of reducing the 11 criminal history points to 9 points.  This new calculation is still within Criminal History Category IV. Thus, under this scenario and because Mr. Tisby is still a Career Offender and therefore automatically in Criminal History Category VI, his applicable Guideline range is unchanged.

The Court agrees that Mr. Tisby's applicable Guideline range is unchanged because of his Career Offender designation and because, even if he was not a Career Offender, application of Amendment 821 does not change his applicable Guideline

Range. As a result, Mr. Tisby "is not eligible for a sentence reduction because the amendment does not lower his applicable guideline range." *United States v. Muldrow*, No. 20-14, 2024 WL 665180, at *2 (E.D. Pa. Feb. 16, 2024).

## IV. Conclusion

For the reasons set forth above, Mr. Tisby's Motion is denied. An appropriate order shall issue.

Dated: May 23, 2024

                                                  s/ Joseph H. Rodriguez
                                                  Hon. Joseph H. Rodriguez, U.S.D.J.